UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jessica Smith,<br><br>                    Plaintiff,<br>v.<br><br>Commercial Recovery Systems, Inc.; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: 3:11-CV-1184 (GTS/DEP)<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Jessica Smith, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Jessica Smith ("Plaintiff"), is an adult individual residing in Bainbridge, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Recovery Systems, Inc. ("CRS"), is a Texas business entity with an address of 8035 RL Thornton Freeway, Suite 220, Dallas, Texas 75228, operating

as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CRS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff incurred a financial obligation in the approximate amount of $3,500.00 (the "Debt") to Wells Fargo (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CRS for collection, or CRS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. CRS Engages in Harassment and Abusive Tactics**

12. On or around September 27, 2011 Steve Garcia, a representative of CRS, called Plaintiff in an attempt to collect the Debt.

13. Mr. Garcia failed to state the name of the debt collection entity to Plaintiff.

14. Mr. Garcia also failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

15. Plaintiff informed Mr. Garcia that according to a divorce decree she was not responsible for the Debt, which stems from a totaled car.

16. Mr. Garcia demanded that Plaintiff provide the name and telephone number of Plaintiff's divorce attorney.

17. When Plaintiff refused to provide such information, Mr. Garcia called Plaintiff a "chicken".

18. Mr. Garcia placed seventeen (17) calls to Plaintiff within five (5) minutes.

19. In a subsequent conversation with Plaintiff Mr. Garcia stated that Plaintiff was hiding the car and called Plaintiff a "fucking liar" when she stated that she had no knowledge of whereabouts of the car.

20. Mr. Garcia also stated that he was going to "fuck up your [Plaintiff's] credit".

21. Furthermore, Mr. Garcia threatened to file a lawsuit against Plaintiff and garnish Plaintiff's wages if she failed to pay the Debt. To date, no such suit has been filed.

22. On September 29, 2011 Plaintiff informed M. Garcia that she had retained services of an attorney and requested that CRS cease calls to Plaintiff.

23. Nevertheless, Mr. Garcia placed two more collection calls to Plaintiff.

## C. **Plaintiff Suffered Actual Damages**

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

28. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

30. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

31. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

38. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

39. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

40. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT III
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

42. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

43. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

44. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

45. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 3, 2011

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff